**In re BENDLER'S, INC., Debtor.**

**Bankruptcy No. B89–2347.**

United States Bankruptcy Court, N.D. Ohio, E.D.

Oct. 13, 1989.

Michael S. Arnovitz, Dettelbach, Sicherman & Baumgart, Cleveland, Ohio, for debtor, DIP.

Daniel McDermott, Cleveland, Ohio, Office of the U.S. Trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The Debtor, Bendler's, Inc., filed its motion to employ accountants. Upon due notice to all entitled parties, the motion came on for hearing. The U.S. Trustee filed a timely objection to the motion alleging, *inter alia,* that the proposed accounting firm is ineligible to serve the Debtor's estate since the firm is a creditor of a wholly owned subsidiary of the Debtor. Having reviewed the pleadings and considered the arguments of counsel, the following findings and conclusions are hereby rendered:

This is a core matter under provisions of 28 U.S.C. 157(b)(2)(A), with jurisdiction conferred under 28 U.S.C. 1334. The Debtor filed its voluntary petition under Chapter 11 on June 14, 1989, and relief was ordered thereon. Pursuant to § 1107 and 1108 of the Bankruptcy Code, the Debtor has continued business operations as a Debtor–In–Possession. In its motion, the Debtor seeks to retain James Hirschauer & Company (Hirschauer), an accounting firm, for

professional services to the Debtor's estate. Asserting that Hirschauer represents no interest adverse to the estate, the Debtor seeks authorization to engage Hirschauer.

In opposition, the U.S. Trustee objects to Hirschauer's proposed employment while contending that Hirschauer is a creditor of True Leasing Company (T.L.C.) which is a wholly owned subsidiary of the Debtor. As such, the U.S. Trustee contends that Hirschauer's creditor relationship with T.L.C. "... may result in the applicant not being a disinterested person ... and further, that a continuing relationship with [T.L.C.] may represent the existence of an interest which is adverse to that of the Debtor...." For the reasons set forth below, the U.S. Trustee's objection is overruled and the motion for retention is granted.

Under § 327 of the Bankruptcy Code, a debtor may engage professionals, including accountants, that do not hold or represent an interest adverse to the debtor's estate. This same provision requires that such professionals are to be disinterested persons. 11 U.S.C. § 327(a) and (b). Construing this provision in conjunction with § 101(13) of the Code, the term "disinterested person" means a person who:

(A) is not a creditor, an equity security holder, or an insider;

(E) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders....

The above Code provisions are to be further read in view of the requirements of § 1107(b) of the Code. Therein, it is noted:

(a) Notwithstanding section 327(a) of this title [11 U.S.C.S. § 327(a) ], a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case.

The dispositive issue is whether an applicant professional is ineligible for employment with a debtor's estate by reason of the professional being a creditor of a debt-or's wholly owned subsidiary. Here, it is uncontested that Hirschauer is not a prepetition creditor of the Debtor, and the petition schedules so reflect. It is further uncontested that Hirschauer is a creditor of T.L.C., which is wholly owned by the Debtor and is a separate corporate entity. The parties do not suggest, nor does the record reflect, that T.L.C. is a debtor in bankruptcy. Hirschauer, not being a creditor of the Debtor's estate, presents no impediment to his employment as addressed under § 327. Having found no impediment to its proposed employment under § 327, it becomes unnecessary to consider the import of § 1107(b). As described under § 101(13), a disinterested person is one who is not a creditor, etc.. Since the Debtor's schedules do not reflect that Hirschauer is a creditor, and since that fact is otherwise not in dispute, Hirschauer is a disinterested person and fully meets the eligibility requirements of § 327. In no respect has the U.S. Trustee demonstrated that the applicant presents an adverse interest. Neither Code provision cited herein, nor their respective legislative histories, indicate that a creditor professional of a wholly owned subsidiary of a debtor in bankruptcy becomes ineligible for employment by reason of the parent company being in bankruptcy.

Accordingly, the U.S. Trustee's objection is hereby overruled, and the motion to employ accountants is hereby granted.

IT IS SO ORDERED.